SAMUEL J. AUSTIN v. NELSON D. MARCH and Another.[1]

May 16, 1902.

Nos. 12,947—(67).

## Payment of Money into Court.

Laws 1895, c. 329, providing that when two or more persons make claim, adverse to each other, to the whole or a part of any money or property in the possession of any other person, as bailee or custodian, or otherwise, the bailee or custodian, being unable to determine to whom the same rightfully belongs, may, when action is brought against him to recover the same, pay the money or deliver the property to the clerk of the court in which the action was brought, and thereafter be relieved from any further liability on account thereof, was designed and intended to apply to a bailee or custodian who makes no personal claim to the money or property. The relief provided is analogous to that granted by courts of equity at common law by the proceeding known as interpleader, and the rules and principles of law applicable thereto govern and control the statutory proceeding.

## Custodian Contesting Claim.

Where the bailee or custodian, though having no claim or right to such property, nevertheless asserts a claim, or voluntarily contests the asserted right of a claimant thereto in an action brought to recover it, he waives the right to invoke the statute, and is bound by the judgment against him.

Action in the district court for Meeker county to recover $200 received by defendants to plaintiff's use. Issue was joined and the case was tried before Powers, J., who found in favor of plaintiff for the sum of $189.33. Thereafter an action was brought by Charles H. Dart against defendants to recover the same money, whereupon defendants made application for leave to pay into court the amount recovered by plaintiff, pursuant to Laws 1895, c. 329. From an order denying their application and directing the entry of judgment in favor of plaintiff pursuant to the findings, and from the judgment, defendants appealed. Affirmed.

*John T. Byrnes* and *C. H. & N. D. March,* for appellants.

*Wm. A. Lancaster,* for respondent.

[1] Reported in 90 N. W. 384.

BROWN, J.

In the year 1896 one A. J. Barry was the owner of a grain warehouse at Litchfield, this state, at which he received wheat and other grain for storage and shipment, issuing therefor to owners the usual warehouse receipts or storage tickets. The defendants, in this action deposited at his warehouse a quantity of wheat and flax, for which the said Barry issued to them the usual tickets, specifying the quantity, grade, and the terms of storage. Some time after this Barry delivered to defendants certain promissory notes held by him against third persons, aggregating in face value the sum of $337.50, as collateral security for the payment of the warehouse receipts. On December 26, 1896, Barry shipped from his warehouse a car load of wheat, containing three hundred twenty-one bushels, to a firm of commission merchants at Minneapolis, of which firm plaintiff in this action was a member, and said firm paid said Barry in full therefor. Subsequently defendants made claim to the wheat, and demanded of such commission merchants payment of the value thereof to them, claiming that the same had been wrongfully shipped out of the warehouse by Barry, whereupon the commission merchants paid to defendants the value of the wheat, viz., the sum of $200, and defendants delivered to them the warehouse receipts representing the wheat. The commission merchants were not informed at that time by defendants that they held the promissory notes mentioned above, as collateral security for the payment of their receipts. In January, 1897, the makers of the notes so held as collateral security paid the same in full to defendants, the amount paid being the sum of $362.70. The commission firm alluded to dissolved copartnership in June, 1897, and plaintiff in this action succeeded to all the rights of the firm. During all this time, Barry, the elevator proprietor, was insolvent, and the warehouse receipts issued by him were, after shipment of the wheat from his warehouse, worthless, and of no value whatever. In March, 1898, plaintiff learned that defendants held the collateral security, and had collected the same, and then held the proceeds thereof, and brought this action to recover the sum of money paid by the commission firm to defendants, viz., $200, the theory of the action being that, as the promissory notes were made

a fund for the payment of the warehouse receipts, plaintiff, as holder of such receipts, was entitled to the money collected therefrom; that he became, as regards such promissory notes, subrogated to the rights of defendants.

The defendants answered, admitting most of the allegations of the complaint, but putting in issue and contesting the right of plaintiff to any part or portion of the proceeds of the collateral security. Upon the issues thus made the cause proceeded to trial before the court without a jury, and judgment was ordered for the plaintiff for the sum of $189.33, with interest, the same being held by the trial court the plaintiff's proper and equitable proportion of the money received from the collateral notes. Thereafter, and before the entry of judgment, Charles H. Dart, appearing in the capacity of trustee for Barry, who was insolvent, appeared in the action and made claim to all the money collected on the collateral security; whereupon the defendants paid the amount into court, or that portion for which the court had ordered judgment in favor, of plaintiff, and moved the court, under Laws 1895, c. 329, for an order relieving them from further responsibility in the premises, and requiring plaintiff to assume the burden of contesting the asserted rights of Dart. The court denied the application, and ordered the clerk to enter judgment in plaintiff's favor as previously directed by the findings made on the trial of the action. Defendants appealed from the order.

It is contended by appellants that the court below erred in denying their motion to be relieved from further liability in the action, and that said motion should have been granted under the statute referred to above. The only question in the case is as to the proper construction of that statute, as applied to the facts of this case. It provides:

"Section 1. Whenever two or more persons make claim for the whole or any part of the same money, personal property or effects, in the possession or control of any other person, as bailee or otherwise, and the right of any such claimant is adverse to the right of any other claimant, or is disputed or doubtful and the bailee, custodian or person in control of any part of such property, money or effects is unable to determine to whom the same rightfully

belongs, or who is rightfully entitled to the possession thereof; or whenever such bailee, custodian or person in control has notice or knowledge of any right or claim of right of any person in or to any part of such property, money or effects, adverse to the right of any other claimant therefor; * * * In any such case the person in the possession or control of any such property, money or effects, when an action in any form has been commenced for, on account of, or growing out of the same, * * * may pay such money or deliver such property or effects to the clerk of the court in which, or to the justice of the peace before whom any such action having reference to said money, property or effects, or the value thereof, may be pending, * * * Or if no such suit be commenced he may apply to the district or the municipal court of the city, or the district where such property, money or effects may be situated, and upon showing to the satisfaction of the court the existence of facts bringing him within the operation of this act, said court shall make an order designating a depositary with whom said property, money or effects may be deposited by the applicant for such order. * * * The person so depositing the same shall thereupon be relieved from further liability to any person on account of such property, money or effects."

This statute was intended to meet cases where a person occupies the position of bailee or custodian, unable to determine to whom the property or money held by him rightfully belongs, and to which he himself makes no claim of right or title. To protect such a person from a possible double liability, the statute provides that he may deposit the money or property in court, and thereupon be relieved from further liability to any of the claimants. It was not intended to apply to persons who make personal claim to the property in their possession, but only to those who are disinterested bailees or custodians, having no claim of their own, and not disputing the rights of the various claimants. The design and intention of the legislature was to give in simplified form the relief granted by courts of equity at common law by the proceeding known as an interpleader, and the rules and principles of law applicable to that proceeding must govern and control proceedings under the statute.

The authorities are uniform that to entitle a party to maintain a bill of interpleader it must appear that he stands in a position of indifference between the rival claimants, making no claim to the property himself. St. Louis Life Ins. Co. v. Alliance Mut. Life

Ins. Co., 23 Minn. 7; Cullen v. Dawson, 24 Minn. 66; 11 Enc. Pl. & Pr. 455, et seq. It is conceded in this case that defendants knew whatever right or claim Barry, or his trustee, had to the funds in their hands, and they were informed that plaintiff claimed a portion of the same by the commencement of this action. It is also conceded that, having been paid by the commission merchants the full value of the wheat represented by the tickets for the payment of which the notes were delivered to them as security, defendants had no personal claim to the money collected thereon. In view of this condition of the record, we are unable to agree with counsel for defendants that defendants may resort to the statute and be relieved as there provided. Defendants were bound to move with reasonable promptness, and having failed to do so, and having voluntarily contested the right of plaintiff to the funds on the merits, they must be held to have waived any right to proceed under the statute. Any other construction of the statute would enable persons for whose benefit it was enacted to prolong litigation and put parties to unnecessary cost and expense in litigating their rights to property. McKinney v. Kuhn, 59 Miss. 186; French v. Robrchard, 50 Vt. 43. We do not wish to be understood as intimating that such was defendants' motive in making this application, for it appears from the record to have been made in good faith. But we hold that because they voluntarily undertook to litigate the rights of plaintiff in and to the collateral fund, and asserted a personal claim thereto, they waived the right to be relieved from responsibility under the statute in question.

The order appealed from is affirmed.