# MIDLAND NATIONAL BANK OF MINNEAPOLIS v. H. H. HENDRICKSON AND OTHERS.[1]

May 16, 1924.

No. 24,137.

[1. Proceeding to determine ownership of fund deposited in court under section 7765, G. S. 1913, *held* to be a proceeding in rem and triable only in the court which has the custody of the deposit.] Withdrawn by opinion of September 26.

**Venue of action in nature of statutory interpleader.**
2. A deposit in court in proceedings in the nature of those of interpleader is in the custody of the law. The court in which the proceedings are pending alone has authority over it which should be exercised by appropriate procedure in the pending cause.

AFTER REARGUMENT.

September 26, 1924.

**Proceeding not one in rem.**
3. That portion of the original opinion, including the first paragraph of the syllabus, dealing with the case as one in rem is erroneous and therefore withdrawn.

**Venue of special statutory interpleader not affected by section 7721.**
4. Section 7721, G. S. 1913, providing that all actions not enumerated in certain preceding sections shall be tried "in a county in which one or more of the defendants reside when the action was begun" does not apply to the special statutory proceeding provided by section 7765, G. S. 1913, wherein normally there can be no defendants.

This action was begun in the district court for Ramsey county and then remanded to Wilkin county pursuant to statute. Thereafter, upon the relation of plaintiff, the supreme court granted an order commanding the clerk of the district court for Wilkin county and Stephen A. Flaherty, judge thereof, to show cause why a per-

[1]Reported in 200 N. W. 17.

emptory writ of mandamus should not issue remanding the files and papers in the action to the clerk of the district court for Ramsey county. The facts in the case are given in the opinion. Peremptory writ to issue.

*Ueland & Ueland,* for relator.

*Lewis E. Jones,* for respondents.

STONE, J.

This case is before the court on an order to show cause why a writ of mandamus should not issue directing that the case be remanded to Ramsey county for trial. It was commenced there, but the venue was changed to Wilkin county in the summary manner provided by statute. A motion to remand was made and denied.

The defendants Hendrickson, doing business as Hendrickson Brothers, have completed a contract for the construction of a section of state highway in Wilkin county. The admitted balance due them from the state is $5,547.53. The plaintiff and defendants Knudson and Wolverton State Bank, each claim the right to all of that money under assignments from Hendrickson Brothers.

Because of these conflicting claims, the commissioner of highways refused to pay the admitted balance to anyone. Instead, he submitted the situation to the district court of Ramsey county pursuant to section 7765, G. S. 1913, an order was made directing that the money be paid into court, and defendant Henry Rines, the state treasurer, was designated as the depositary of the court to hold the money pending the determination of the adverse claims concerning it. All of the claimants were notified by registered mail, as provided by the statute, that the money had been so deposited. Thereupon, plaintiff commenced this action, in the ordinary manner by summons and complaint, and entitled as above indicated. The relief prayed for is that plaintiff be adjudged entitled to all of the money in question, and that defendants take no part thereof. All the defendants, other than the state treasurer, being residents of Wilkin county, they procured a change of venue, as already indicated.

The record does not show upon what ground the learned trial judge placed his order denying the motion to remand. But, in opposition to the proposed mandamus, it is now contended that the action is an ordinary one in personam, transitory, and therefore to be tried in the county of the residence of the defendants. Plaintiff, on the other hand, argues that the action is not one in personam, but is in rem, the res being the deposit in the hands of the state treasurer, as a depositary of the district court of Ramsey county.

No action having been commenced to recover the balance due Hendrickson Brothers, the proceeding adopted by the highway commissioner, under section 7765, G. S. 1913, was a statutory interpleader. The result was that, after the order appointing him for that purpose, the state treasurer ceased to hold a mere credit to the account of Hendrickson Brothers, payable out of the proper funds, but instead was himself charged, not with a debt, but with a specific fund belonging to whatever claimant might finally establish his right to it. He ceased to function in the matter as the state treasurer, and began to function as the selected depositary of the court. There was thus brought into being and put into the custody of the district court of Ramsey county, a distinct res which could become, and, in our view, it has become, the subject of an action in rem. In fact, the proceedings in Ramsey county for the appointment of a depositary were entitled "In the matter of Moneys held by the State of Minnesota and claimed by H. H. Hendrickson and others. S. P. 6127." (The letters and figures, S. P. 6127, designate the highway contract under which the work was done.)

It would have been better practice probably, if plaintiff, in starting out to assert its right to the fund, had used the same title for its action. The only danger that has arisen to its claimed right to have the matter tried in Ramsey county is from the form which plaintiff has given the matter—that of an independent action. But, notwithstanding that, and because the only purpose of the action is to determine the ownership of a fund already in the custody of the district court of Ramsey county, we hold that this proceeding was properly commenced there, and should not have been removed.

It is a proceeding in rem and concerns a fund already not only within the jurisdiction but in the custody of the district court of Ramsey county. The rule is that a deposit in an action of interpleader "passes into the custody of the law, and the court in which the suit is pending alone has authority over it, which can be exercised only by proceedings in such pending cause." 33 C. J. 451; Shelton v. Wolthausen, 80 Conn. 599, 69 Atl. 1030, 125 Am. St. 131.

The custody of the depositary in such a case is that of the court. "He must obey the orders of the court made in the suits respectively in which the moneys have been deposited, and unless it is authorized by statute he cannot be made a party to independent proceedings, either in this court or in any other, whereby the disposition to be made of the moneys can be affected or controlled." Tuck v. Manning, 150 Mass. 211, 22 N. E. 1001, 5 L. R. A. 666. "No other court has jurisdiction of any question pertaining to the disposition of the money." Gregory v. Merchant's Nat. Bank, 171 Mass. 67, 50 N. E. 520. See also Hornish v. Ringen Stove Co. 116 Iowa, 1, 89 N. W. 95; Gregory v. Boston Safe Deposit & Trust Co. 144 U. S. 665, 12 Sup. Ct. 783, 36 L. ed. 585.

Mann v. Flower, 26 Minn. 479, 5 N. W. 365, is not an authority to the contrary. It does not decide that one court may effectively adjudicate concerning money in the custody of another. It settled only the proposition that "an injunction may issue in one equitable action to restrain proceedings in another equitable action in the same court." That is a far different process from that of having one court determine what should be done with a fund already in the custody of another. An accurate appraisal of the effect of Mann v. Flower is best made from the decision following its first appearance here. 25 Minn. 500. The concluding paragraph of that opinion begins with this pertinent language:

"Where, in an action between parties claiming property which really belongs to one not a party to the action, the court takes the property into its possession, the owner may bring an action in that court against such parties, and demand that the court cause the property to be delivered to him. That is the only remedy that he

has.  He cannot take it out of the court by his own act, nor can he take it by replevin."

And, we add now, a claimant cannot accomplish that result by a summary and ex parte change of venue.

For respondents, it is argued that the statute (section 7765, G. S. 1913), is limited to bailees and custodians.  Austin v. March, 86 Minn. 232, 90 N. W. 384, is cited to that effect.  That question is not before us.  Rightly or wrongly, the fund is now in the custody of the district court of Ramsey county.  The propriety of the order whereby it assumed that custody cannot be reviewed here.

It is also argued very energetically that, if the statute is so applied as to permit the substitution for a contract debtor of a court-selected debtor (i. e. the depositary of a court), it would be unconstitutional as impairing the obligation of a contract and depriving the creditor of the obligation of his debtor without due process of law.  It will be time enough to consider that argument when a litigant is hurt by the objectionable construction of the statute and its consequent application in a way detrimental to his legal rights.  That is not the case here.  There is no possibility that whoever is entitled to it will not get every cent of the fund in question.  All the parties are claiming under, rather than against, the order for its deposit in court.

Let a writ of mandamus issue directing the remanding of the case to the district court of Ramsey county, where it will be considered as part of the proceeding wherein the deposit was made.

HOLT, J., took no part.

### AFTER REARGUMENT.

On September 26, 1924, the following opinion was filed:

STONE, J.

This case was first submitted and the original opinion written without oral argument.  Because of the novelty of the situation presented and the difficulty attending the solution of its problem,

respondent's petition for rehearing was granted and there has been an oral argument as a result of which this supplemental opinion is required.

Counsel for respondents persists in the claim that his clients are ignoring the order of the district court of Ramsey county, appointing a depositary of the fund in question, and that they have done so from the start. He says that he has "no quarrel with the law as stated by this court regarding money in custodia legis," but that in this cause there is no money in custodia legis, and if there is, he asserts (as we understand the claim), that custody cannot be interfered with by trying the title thereto in a court other than the one in the custody of which the money now is.

Unfortunately for counsel's position in this respect, we must take the record as it stands. In the petition for mandamus, it is averred that the order referred to was made and that, pursuant thereto, the commissioner of highways, on January 16th, 1924, "deposited said sum of $5,547.53 with Henry Rines, the treasurer of the state of Minnesota and depositary named in said order," and that "pursuant to said order, said commissioner of highways caused to be mailed to all persons claiming said sum of $5,547.53, including your petitioner (relator here), said T. E. Knudson, and said Wolverton State Bank, a notice setting forth that said sum had been deposited with said Henry Rines, state treasurer." Supposedly correct copies of both the order and the notice of the claimants are attached to the petition. The return to the order to show cause expressly *admits* each of the allegations just referred to.

Again, in their answers in the main case the defendants admit "that the State of Minnesota, pursuant to said order, deposited with the defendant, Henry T. Rines, the sum of fifty-five hundred forty-seven dollars and fifty-three cents and allege that of that sum, $5,531.88 belongs "to these answering defendants, the greater portion * * * to defendant T. E. Knudson." Moreover, in that answer judgment is prayed against "defendant Henry T. Rines directing and requiring him to turn over to these answering defendants the sum of fifty-five hundred thirty-one dollars and eighty-eight cents." That is, as the case now stands, judgment is demanded

of the district court of Wilkin county directing the payment of money by the depositary of the district court of Ramsey county.

In view of a record of that kind, it is futile to criticise, vehemently or otherwise, the statement in the original opinion that, "rightly or wrongly, the fund is now in the custody of the district court of Ramsey county." [See supra, page 359.] The propriety of the order whereby it assumed that custody cannot be reviewed here * * * "all the parties are claiming under, rather than against, the order for its deposit in court."

Because of that situation, we persist in our refusal to review now the order of the district court of Ramsey county appointing a depositary and directing the deposit with him of the fund in question. No motion was made to vacate that order. If there had been, there might be presented the question whether section 7765, G. S. 1913, is properly applicable to a mere debt, as distinguished from specific personal property in the possession of one who occupies the position of a custodian or bailee and is really a stakeholder as distinguished from a debtor. Compare Providence Institution for Savings v. Dailey, 22 R. I. 239.

It is urged that we ought to disregard the order in question because it is void on its face. A sufficient answer for present purposes is that the parties themselves have gone too far in recognition of the order to permit them to attack it here. Possibly they can find a way to apply to the district court of Ramsey county for its vacation. In any event, until that court has had opportunity to pass upon the objections to its order which are now presented— objections which were not made until the cause reached this court— we shall persist in our aversion to passing upon those objections. A timely motion to vacate the order appointing the depositary, made in the district court of Ramsey county, would have put the case in different shape.

Criticism is made, and properly, of that portion of the opinion dealing with the original proceeding in the district court of Ramsey county as one in rem. It is true that no personal judgment is sought against any one of the parties herein. The only relief wanted by any one of them is an adjudication of the ownership

and consequent right to payment of all or a portion of a fund already on deposit. Such an adjudication may require a determination of the validity or otherwise of one or all of the assignments of the debt claimed to have been made by the original contractors. But the ultimate relief sought is an adjudication of the right to participate in the distribution of a specific fund in custodia legis. Notwithstanding that, the proceeding is not one in rem in the accurate and proper sense. It is of the nature of an action in rem to the extent that it involves primarily specific personal property. In essence, however, it is not in rem because the court has no jurisdiction to render a judgment binding, with respect to the property in question, upon all the world, as distinguished from the parties over whom the court has acquired jurisdiction by personal and domiciliary service. Hanna v. Stedman, 230 N. Y. 326, 130 N. E. 566; New York Life Ins. Co. v. Dunlevy, 241 U. S. 518, 60 L. ed. 1140.

That portion of the original opinion, including the first syllubus paragraph, dealing with the proceeding as one in rem is clearly erroneous, and therefore must be and is withdrawn. We are grateful to counsel for not permitting the error to stand unchallenged.

This brings our reconsideration of the case back to the ultimate issue of venue. Was it removable summarily to Wilkin county? Does it, under section 7721, G. S. 1913, fall within the description of "all actions not enumerated in paragraphs 7715-7720" and which thereby are required to be tried "in a county in which one or more of the *defendants* reside when the action was begun."

How can the statute apply to a special statutory proceeding wherein normally there can be no defendants? In our opinion, it does not apply, because obviously not intended to apply, to the special proceeding provided by section 7765. (It is a different proceeding entirely from the one provided by section 7764, which is but an incident to another and ordinary action already pending). Such a proceeding lacks the very thing necessary to make section 7721 operative, a defendant or defendants whose residence can determine venue.

For that reason, in addition to those stated originally, we are unable to change our opinion as to what the result must be.

The improper form taken by the case, that of an ordinary adversary action between plaintiff and defendants, does not change its real nature. We must be governed by what it is and not by what it may be called. The unalterable, ultimate and controlling fact is that the real parties in interest are not plaintiff and defendants at all in the ordinary sense. They are all claimants of the fund. Any one of them, irrespective of the present mistaken form of the case, must establish his claim against all the others before he can participate in the distribution. Each of them therefore must establish an affirmative in order to prevail. In essence therefore there is no real defendant in the sense of one who prevails simply because his adversary fails to establish the affirmative of a controlling issue. The weight of that consideration is not lessened because, in the progress of the case, there will be issues, collateral to the main one, arising from claims affirmed by one and denied by another claimant.

It is true, as counsel for respondent suggests, that the effect here allowed to section 7765, G. S. 1913, permits the state highway commissioner to fix the venue of litigation in Ramsey county in all controversies of this kind. At least that would be the result if section 7765 can be properly resorted to in such a case which, as we have tried carefully to indicate, we do not hold. It is an open question remaining to be decided when an order appointing a depositary in such a proceeding is challenged in timely fashion and brought here for review.

However, if it were established that the highway commissioner could so control venue, it is not clear that claimants of balances due from the state would be very much prejudiced. By such procedure, they are given the opportunity of litigating their claims. Issues may be, and in proper cases undoubtedly will be, framed for a jury. In the absence of some such proceeding initiated by the highway commissioner, the only remedy left open to the highway contractors by the Public Highways Act (subdivision 17 of section 13, chapter 323, p. 416, Laws 1921), is arbitration in the manner there provided which sometimes can be slower and more vexatious to claimants than to have their controversy necessarily triable in Ramsey county. (In this connection, counsel should realize that the time is fast ap-

proaching, if it is not now here, when cases can be reached and tried in Ramsey county more speedily, on the whole than in districts where there are but two general terms a year). Again on the question of venue in actions to which the state is a party, there is evidence of a deliberate legislative policy to give the state a right to elect to have them tried in Ramsey county. Section 7719, G. S. 1913; section 11, c. 223, p. 276, Laws 1921.

As to the result, the original opinion is adhered to.