# STATE EX REL. NORTHWESTERN NATIONAL BANK OF MINNEAPOLIS v. DISTRICT COURT ELEVENTH JUDICIAL DISTRICT AND OTHERS.[1]

November 30, 1934.

No. 30,279.

*Willis Doherty,* for relator.

*Jaques & Hudson* and *L. M. Hatlestad,* for respondents.

[1]Reported in 258 N. W. 7.

*JULIUS J. OLSON, Justice.*

This case comes before us on an order to show cause why a writ of *mandamus* should not issue directing that the venue be changed from the county of St. Louis, eleventh judicial district, to the county of Hennepin, fourth judicial district. The order was procured at the instance of the Northwestern National Bank of Minneapolis, petitioner and relator.

On April 27, 1934, the Minnesota National Bank of Duluth, as guardian of the estate of one Laura Lou Rouchleau, a minor, plaintiff, brought action in the district court of St. Louis county against the Equitable Life Assurance Society of the United States, defendant, to recover upon a policy of insurance issued by that defendant upon the life of one Louis Rouchleau, the insured being the father of the minor in whose behalf the action was brought. The insured died December 29, 1932. On July 5, 1934, the defendant in that case moved for leave to pay into court the sum of $25,194.65, together with interest thereon since January 7, 1933, as the amount by it admitted to be due under the policy involved in that action, asking that relator be substituted as defendant in its place, pursuant to 2 Mason Minn. St. 1927, § 9261. Attached to the notice of motion was an affidavit setting forth that on February 15, 1933, relator here had served upon the defendant in that case, the insurer, a notice pursuant to 1 Mason Minn. St. 1927, § 3387, which reads:

"Whenever any insurance is effected in favor of another, the beneficiary shall be entitled to its proceeds against the creditors and representatives of the person effecting the same. All premiums paid for insurance in fraud of creditors, with interest thereon, shall inure to their benefit from the proceeds of the policy, if the company be specifically notified. thereof in writing before payment."

The affidavit also avers that relator on February 3, 1933, as plaintiff, had commenced an action in the district court of Hennepin county against Laura Rouchleau, surviving spouse of insured, the First & American National Bank of Duluth, and the said insurance company, as defendants, alleging that the insured had incurred obligations to relator, culminating in a note for $100,000 dated May

26, 1931, and bearing interest at five per cent, also that the same was wholly unpaid. It was charged generally that the money borrowed by the insured had been used to a large extent in paying premiums upon life insurance policies issued by the insurance company upon the life of said Louis Rouchleau. There are various other allegations, such as fraud and deceit claimed to have been practiced by the insured to the bank's detriment and loss, as to which a further summarization is not deemed necessary. The insurance company answered, setting forth in its pleading what it claimed the facts to be in respect of the issuance of policies and the payment of premiums. Relator replied, thus putting in issue various fact matters which need not here be further considered. Copies of the pleadings hereinbefore referred to were also attached to and made a part of the motion papers. The exact amount due plaintiff under the policy and the basis upon which the computation was made were fully stated. The motion came on for hearing before the court on July 14, 1934. An order was made on July 17, 1934, whereby it was ordered that the motion of the insurance company be denied but that relator be made an additional party defendant and that plaintiff serve summons and a copy of its complaint with a copy of that order upon it (relator) within 10 days after the service of the order upon plaintiff and that relator serve its answer thereto within 20 days after such service. On July 23, 1934, the insurance company served its answer, alleging therein that the policy by it issued to the insured, Louis Rouchleau, father of Laura Lou Rouchleau, was in the sum of $61,000; that the insured died December 29, 1932, and at the time of his death there was an outstanding loan against the policy, held by the insurance company as security therefor, amounting to $34,743. In addition thereto it also claimed an item of loan interest of $1,180.31, an unpaid balance of semi-annual premium of $884.25 and interest unpaid on the premium of $17.03. These items deducted from the amount of the policy of $61,000 plus a post-mortem dividend of $1,019.24, or a total of $62,019.24, left a balance of $25,194.65, which sum with interest from January 7, 1933, it conceded to be due the beneficiary under the terms of the policy. Plaintiff duly replied, putting in

issue the allegations of new matter in the answer, namely, the amount actually deductible from the face of the policy and accumulations. At any rate, upon the face of the pleadings there seems to be an issue of fact.

Pursuant to the order of the court in respect of having relator made a party defendant, plaintiff served an amended summons and complaint, the only amendment being that relator's name was added to that of the insurance company as a party defendant. With the complaint there was also served a copy of the court's order making relator such party. Relator thereupon proceeded with a demand for change of venue as a matter of right, 2 Mason Minn. St. 1927, § 9214, taking the position that the insurance company was a non-resident and as such its nonresidence would not interfere with relator's right to obtain such change from Duluth to Minneapolis. In other words, it took the view that a nonresident defendant cannot be joined so as to interfere with the right of a resident defendant to have a change of venue made as a matter of right. Change of venue was refused. Thereupon relator brought the proceedings hereinbefore first mentioned.

It is not claimed that the action was improperly brought in the eleventh judicial district as against the defendant insurance company. Relator does not so claim. If the insurance company were the only defendant it is conceded that the venue was there properly laid. The question for determination is whether the statute in respect of venue applicable to resident defendants in the ordinary case is applicable here. When the insurance company made its motion to have relator made a party defendant it did so pursuant to 2 Mason Minn. St. 1927, § 9261, which reads:

"In an action for the recovery of money upon contract, or of specific real or personal property, if any person not a party to the action demands of the defendant the same debt or property, the defendant may move the court to substitute such claimant as defendant in his stead, and that he be permitted to pay the money into court, or deliver the property or its value to such person as the court may direct. If it be made to appear that such demand is

without collusion with the defendant, the motion may be granted, and upon compliance with the order the defendant shall be discharged. Thereafter the action shall proceed against the substituted defendant, and the court may compel the parties to interplead."

Relator was made a party by virtue of that motion and the statute just quoted. Clearly, plaintiff had no cause of action against relator bank, nor is it seeking in this case to enforce any right or remedy against it. The only purpose of that action was to recover the amount due the beneficiary under the policy of insurance. If relator has any claim to that fund it must necessarily be required to set forth what its claim is by adequate pleading and proof. It must stand upon its own cause of action to establish its right to the insurance money. In no event can it hope to prevail unless there is liability on the part of the insurer. Its rights, if any it has, arise and exist by virtue of the statute quoted, 1 Mason Minn. St. 1927, § 3387. Upon it rests the burdens of the ordinary plaintiff. It cannot be otherwise. As such its position can be no better or other than that of any other interpleader. It will necessarily be compelled to prepare and serve a complaint in intervention, and upon it will rest the burden of proof in respect of such claim, assuming that the guardian of the beneficiary by proper plea raises an issue. To all intents and purposes, relator is the plaintiff. Its designation as a defendant is a mere matter of form. Its actual position is that of one claiming, asserting, and seeking the enforcement of a legal right against another, not as a defense but as a cause of action. Consequently the statute relating to a defendant's right to change of venue can have no force and is not available to it. The question is not one of jurisdiction but rather and only one of venue. By its conduct in seeking a change of venue and by entering such appearance generally it cannot question jurisdiction. See 1 Dunnell, Minn. Dig. (2 ed. & Supp.) § 479; also 6 Dunnell, Minn. Dig. (2 ed. & Supp.) § 10104, which reads as follows:

"The district courts of this state constitute, in a sense, one court, and the fact that a civil action is brought or tried in the wrong county is not jurisdictional."

In respect of change of venue see 6 Dunnell, Minn. Dig. (2 ed. & Supp.) § 10121, which as far as here material reads as follows:

"The statute has no application where the action is properly brought in the county designated in the complaint. It is inapplicable to a third person substituted as defendant in place of the original defendant, the venue being properly laid in the first instance." See cases cited.

The record does not indicate that the insurance company has ever paid the money into court. It could not very well do so, and we assume it has not been done, there being an issue made by the pleadings in that case. The insurance company is not a mere stakeholder. It appears to be an interested party. If the money has been paid into court, there can be no question but that the court in which the deposit was made, and it alone, has authority over it. But whether paid into court or not, relator's position here does not permit it to question jurisdiction. Venue only is involved. Midland Nat. Bank v. Hendrickson, 159 Minn. 355, 200 N. W. 17. In Mann v. Flower, 25 Minn. 500, 508, the court said:

"Where, in an action between parties claiming property which really belongs to one not a party to the action, the court takes the property into its possession, the owner may bring an action in that court against such parties, and demand that the court cause the property to be delivered to him. That is the only remedy that he has. He cannot take it out of the court by his own act, nor can he take it by replevin."

Again, in Austin v. March, 86 Minn. 232, 235, 90 N. W. 384, 385, the court said:

"This statute was intended to meet cases where a person occupies the position of bailee or custodian, unable to determine to whom the property or money held by him rightfully belongs, and to which he himself makes no claim of right or title. To protect such a person from a possible double liability, the statute provides that he may deposit the money or property in court, and thereupon be relieved from further liability to any of the claimants. It was not

intended to apply to persons who make personal claim to the property in their possession, but only to those who are disinterested bailees or custodians, having no claim of their own, and not disputing the rights of the various claimants. The design and intention of the legislature was to give in simplified form the relief granted by courts of equity at common law by the proceeding known as an interpleader, and the rules and principles of law applicable to that proceeding must govern and control proceedings under the statute.

"The authorities are uniform that to entitle a party to maintain a bill of interpleader it must appear that he stands in a position of indifference between the rival claimants, making no claim to the property himself." (Citing cases.)

On the general subject of interpleader see 15 R. C. L. p. 221, *et seq.;* also 3 Dunnell, Minn. Dig. (2 ed. & Supp.) §§ 4892, 4893.

If relator wishes to enforce its claim to the insurance money the way is open. The trial court gave it the opportunity. It is obvious that relator is not in position to sustain its claim in respect of a change of venue; hence the order to show cause will be discharged and petition for writ of *mandamus* denied.

So ordered.