# MISSISSIPPI VALLEY DEVELOPMENT CORPORATION v. COLONIAL ENTERPRISES, INC.

217 N. W. 2d 760.

May 3, 1974—No. 44211.

*Cragg & Bailly* and *Robert S. Cragg*, for appellant.

*Maslon, Kaplan, Edelman, Borman, Brand & McNulty* and *Charles Quaintance, Jr.*, for respondent.

Heard before Knutson, C. J., and Otis, Peterson, and Mulally, JJ., and considered and decided by the court.

PETERSON, JUSTICE.

Defendant, Colonial Enterprises, Inc., is a Minnesota corporation in voluntary dissolution. In December 1971, plaintiff, Mississippi Valley Development Corporation, obtained a default judgment against defendant; some 7 months later, defendant moved to vacate the default judgment and dismiss the complaint for want of personal jurisdiction. Defendant's appeal from the order denying this motion requires us to consider several issues regarding questions of jurisdiction and judgments, namely: (1) whether service of process upon the former comptroller of a Minnesota corporation in dissolution is effective to confer personal jurisdiction over the corporation; and (2) whether defendant

waived any defect in service and submitted itself to the trial court's jurisdiction by the actions it took to seek affirmative relief.

The facts from which this litigation arose are not seriously in dispute. In May 1970 plaintiff and defendant entered into a joint venture agreement to construct and manage a trailer park. As part of the agreement, plaintiff made a loan of $15,000 to defendant and accepted defendant's promissory note for this sum. The joint venture agreement provided that the note became payable within 5 days after plaintiff gave defendant notice of failure of certain conditions precedent set forth in the agreement. On February 22, 1971, plaintiff gave defendant notice of the failure of conditions and demanded payment, but defendant failed or refused to pay.

Plaintiff thereafter brought suit in Hennepin County District Court to recover the amount of the note. On March 17, 1971, the deputy sheriff served a copy of the complaint and summons on "Francis Loreno, Vice President" at 2835 Nicollet Avenue, Minneapolis. Loreno, however, was not vice president of Colonial Enterprises, Inc.; he was formerly its comptroller and had not been an officer.

Although the address at which service was made was the former address of defendant, on November 3, 1970, defendant had filed a certified copy of "Voluntary Proceedings for the Dissolution of Colonial Enterprises, Inc.," with the secretary of state. The certificate had also been filed with the Hennepin County Register of Deeds on November 12, 1970. It recited a shareholders' resolution for voluntary dissolution, adopted at a meeting on February 23, 1970, and was signed by the president and secretary on July 20, 1970. The resolution named Michael D. Curran, Colonial's president, as trustee and designated his address as 4515 Lyndale Avenue South, Minneapolis, Minnesota.

While the complaint was not served upon Curran, he and John Muirhead, defendant's attorney at that time, apparently received notice of it some time shortly thereafter. Plaintiff then granted

defendant two extensions of time within which to answer or move. Defendant never filed an answer; however, on April 12, 1971, defendant's attorney did file a motion seeking to enjoin plaintiff from proceeding with the suit until the dispute had been arbitrated under an arbitration clause in the joint venture agreement. The motion was denied by the district court in May 1971.

After denial of the motion to compel arbitration, defendant undertook an appeal and obtained the trial court's approval of a supersedeas bond. That appeal was dismissed on November 1, 1971, because of defendant's failure to file its brief. Default judgment for plaintiff was entered on December 6, 1971.

More than half a year later, in July 1972, defendant moved to vacate the default judgment and dismiss the complaint for lack of personal jurisdiction because of allegedly improper service. Only at this point did plaintiff and its attorney become aware of the voluntary dissolution proceedings. After the trial court denied the motion in all respects, defendant undertook the present appeal.

We note at the outset that defendant's motion to vacate the default judgment was premised on the theory that because of improper service the trial court did not acquire jurisdiction and thus the judgment was void. Under Rule 60.02, Rules of Civil Procedure,[1] a motion to vacate a judgment for lack of jurisdic-

---

[1] Rule 60.02 provides in part as follows: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment (other than a divorce decree), order, or proceeding and may order a new trial or grant such other relief as may be just for the following reasons: (1) Mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59.03; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall

tion asserts that the judgment is void and involves no question of discretion. If it is void for lack of jurisdiction, the judgment must be set aside, without regard to such factors as the existence of a meritorious defense. Lange v. Johnson, 295 Minn. 320, 204 N. W. 2d 205 (1973); Pugsley v. Magerfleisch, 161 Minn. 246, 201 N. W. 323 (1924). Thus plaintiff's arguments that the trial court did not abuse its discretion in refusing to vacate the default judgment are simply inapposite. The sole issue before us is whether the trial court in any manner acquired jurisdiction over defendant.

Defendant's basic argument is that the trial court did not acquire jurisdiction because service of process upon the person who was the corporate comptroller before dissolution was not effective to confer personal jurisdiction over the corporation. It is clear under our statutes that a corporation in dissolution may be sued, not only up to the time that the certificate of completion of dissolution under Minn. St. 301.56 is filed but also for a period of time thereafter.[2] Section 300.59 of the corporation statutes, providing in part that "every corporation whose existence terminates by limitation, forfeiture or otherwise shall continue

be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken."

[2] Minn. St. 301.53 provides: "Upon the adoption of a resolution for dissolution, or upon a finding by the court of the existence of grounds for involuntary dissolution, the authority and duties of the directors and officers of the corporation shall cease, except in so far as may be necessary to preserve the corporate assets, or in so far as they may be continued by the trustee or receiver, or as may be necessary for the calling of meetings of the shareholders."

Minn. St. 301.56 provides in part: "When a corporation has been completely wound up, the court, if the proceeding is subject to the supervision of the court, shall make an order adjudging the corporation to be dissolved; and if the proceeding is out of court, the trustee or trustees shall sign and acknowledge a certificate stating that the corporation has been completely wound up and is dissolved.

"The order or certificate of dissolution shall be filed for record with

for three years thereafter for the purpose of prosecuting and defending actions," has been said to apply to voluntary as well as involuntary corporate dissolutions. Kopio's, Inc. v. Bridgeman Creameries, Inc. 248 Minn. 348, 79 N. W. 2d 921 (1956).

However, the manner in which a dissolving corporation can be served with process is not explicitly treated by the statutes. See, generally, Annotation, 75 A. L. R. 2d 1399. In two cases in which we have previously confronted this problem, we have indicated that jurisdiction over a corporation in dissolution may be obtained either by serving the secretary of state under the provisions of Minn. St. 543.08 [3] or by serving the trustee in dissolution. Service upon a corporation in dissolution is not accomplished simply by serving an officer or agent pursuant to Rule 4.03(c), Rules of Civil Procedure, [4] as in the case of an extant

---

the secretary of state and thereupon the corporate existence shall terminate."

While it has been held that formal termination of corporate existence does not occur until the § 301.56 certificate is filed, the corporation is treated differently, for purposes of service of process, once voluntary proceedings for dissolution under § 301.47 are begun. See Kopio's Inc. v. Bridgeman Creameries, Inc. 248 Minn. 348, 79 N. W. 2d 921 (1956).

[3] Minn. St. 543.08 provides in part: "If a private domestic corporation has no officer within the state upon whom service can be made, of which fact the return of the sheriff that none can be found in his county shall be conclusive evidence, service of the summons upon it may be made by depositing two copies, together with a fee of $5 with the secretary of state, which shall be deemed personal service upon the corporation. One of the copies shall be filed by the secretary, and the other forthwith mailed by him to the corporation, if the place of its main office is known to him or is disclosed by the files of his office."

[4] Rule 4.03 provides in pertinent part: "Service of summons within the state shall be made as follows:

* * * * *

"(c) Upon a domestic or foreign corporation, by delivering a copy to an officer or managing agent, or to any other agent authorized expressly or impliedly or designated by statute to receive service of summons, and if the agent is one authorized or designated under statute to receive service any statutory provision for the manner of such service shall be complied with."

corporation. In Kopio's, Inc. v. Bridgeman Creameries, Inc. *supra,* we held that service upon a former agent of a corporation in dissolution was not proper service upon the corporation and noted that either the secretary of state or the trustee might be a more appropriate party to accept service. Thereafter, in Henderson v. Northwestern Heating Engineers, Inc. 274 Minn. 396, 144 N. W. 2d 46 (1966), we upheld service upon the trustee of a dissolved corporation. We may thus assume that service upon the former comptroller of defendant in this case was not effective service.

Even if it be assumed that service here was ineffective, we nevertheless hold that defendant subsequently submitted itself to the trial court's jurisdiction by its actions in seeking affirmative relief. After obtaining two extensions of time within which to move or answer, defendant filed a motion to compel arbitration. After denial of this motion, defendant undertook an appeal and obtained trial court approval of a bond. In all these ways, defendant took positive actions invoking the power of the court.

Under these circumstances, defendant may be said to have submitted itself to the jurisdiction of the trial court. While we agree with defendant that special appearances are no longer required to contest jurisdiction and that a motion to compel arbitration is not within the "single motion" strictures of Rule 12, Rules of Civil Procedure,[5] a defendant may submit to jurisdiction other-

---

[5] The pertinent provisions of Rule 12 are the following: "12.02 Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) Lack of jurisdiction over the subject matter; (2) lack of jurisdiction over the person; (3) insufficiency of process; (4) insufficiency of service of process; (5) failure to state a claim upon which relief can be granted; and (6) failure to join a party under Rule 19. A motion making any of these defenses shall be made before pleading if a further pleading is permitted. No defense or objection is waived by being joined

wise than by waiver through the single-motion rule. "A party who takes or consents to any step in a proceeding which assumes that jurisdiction exists or continues has made a general appearance which subjects him to the jurisdiction of the court." Slayton Gun Club v. Town of Shetek, 286 Minn. 461, 467, 176 N. W. 2d 544, 548 (1970). See, also, Dworsky v. Herbst, 254 Minn. 295, 95 N. W. 2d 19 (1959); State ex rel. Northwestern Nat. Bank v. District Court, 192 Minn. 602, 258 N. W. 7 (1934). A defendant who has subjected himself to jurisdiction by making a general appearance, taking affirmative steps in the action, and invoking the power of the court on his own behalf, cannot later claim that service was insufficient. Maricopa County v. American Petrofina, Inc. 322 F. Supp. 467 (N. D. Cal. 1971); Spearman v. Sterling SS. Co. 171 F. Supp. 287 (E. D. Pa. 1959). See, generally, Restatement, Conflict of Laws 2d, § 33; Restatement,

---

with one or more defenses or objections in a responsive pleading or motion."

"12.07 A party who makes a motion under this rule may join with it the other motions herein provided for and then available to him. If a party makes a motion under this rule but omits therefrom any defense or objection then available to him which this rule permits to be raised by motion, he shall not thereafter make a motion based on the defense or objection so omitted, except a motion as provided in Rule 12.08(2) hereof on any of the grounds there stated."

"12.08 (1) A defense of lack of jurisdiction over the person, insufficiency of process, or insufficiency of service of process is waived (A) if omitted from a motion in the circumstances described in Rule 12.07, or (B) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15.01 to be made as a matter of course.

"(2) A defense of failure to state a claim upon which relief can be granted, a defense of failure to join a party indispensable under Rule 19, and an objection of failure to state a legal defense to a claim may be made in any pleading permitted or ordered under Rule 7.01, or by motion for judgment on the pleadings, or at the trial on the merits.

"(3) Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."

Judgments, § 19; Dobbs, *The Validation of Void Judgments: The Bootstrap Principle,* 53 Va. L. Rev. 1003.

By appearing to move for the injunction to compel arbitration, appealing its denial, and delaying some 16 months after the challenged service of the summons and complaint before raising the jurisdictional defense, defendant waived any defect in service of process and submitted itself to the trial court's jurisdiction. The court below thus properly refused to vacate the judgment.

Affirmed.

MR. CHIEF JUSTICE SHERAN, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.