### AUTO OWNERS INSURANCE COMPANY, Petitioner, Appellant,

v.

### Deanne VALADEZ, Brenda Valadez, et al., Jeffrey Sundet, Gerald Ladsten, Respondents,

### Daniel L. Kuehn, Lower Court Respondent.

No. C0–91–1239.

Court of Appeals of Minnesota.

Feb. 25, 1992.

ference, the therapist's problems are displaced on to the patient. *Id.*

Peter C. Sandberg, Ken D. Schueler, Dunlap, Finseth, Berndt & Sandberg, P.A., Rochester, for Auto Owners Ins. Co.

Harry A. Sieben, Jr., Wilbur W. Fluegel, Sieben, Grose, Von Holtum, McCoy & Carey, Ltd., Minneapolis, James A. Schultz, James A. Schultz & Associates, Houston, for Deanne Valadez.

Jack L. Vatland, Logan N. Foreman, III, Eckman, Collins, Strandness & Egan, P.A., Minneapolis, Duane E. Woodworth, Wieser & Woodworth, LaCrescent, for Brenda Valadez, et al.

Jeffrey Sundet, pro se.

David L. Schultz, Schultz & Schultz, Caledonia, for Gerald Ladsten.

Considered and decided by KLAPHAKE, P.J., and PARKER and SCHUMACHER, JJ.

## OPINION

KLAPHAKE, Judge.

Appellant Auto Owners Insurance Company petitioned, pursuant to Minn.R.Civ.P. 67.02, to deposit the liability limits of an Auto Owners policy with the district court. This motion was granted. Subsequently, respondents, who had commenced actions against Auto Owners' insured, moved for an order directing the distribution of the policy proceeds. Auto Owners opposed this motion, arguing respondents must obtain judgments against Auto Owners' insured before they would be entitled to recover any of the insurance proceeds. The trial court ordered the policy proceeds disbursed, and we affirm.

## FACTS

On September 3, 1988, Daniel Kuehn was the driver of a van involved in a single-vehicle accident. Respondents, passengers in the van, were injured. Kuehn was insured by Auto Owners with liability limits of $30,000 per person, $60,000 per accident. Respondents commenced actions against Kuehn.

In a letter dated January 23, 1990, Auto Owners advised counsel for respondent Deanne Valadez that all five passengers in the Kuehn vehicle demanded the limits of the Auto Owners policy to settle their claims. The January 23 letter advised counsel that Auto Owners would seek to deposit the $60,000 policy limits with the Houston County Court Administrator's Office.

In March of 1990, Auto Owners petitioned the Houston County District Court, pursuant to Minn.R.Civ.P. 67.02, for leave to deposit its $60,000 policy limits with the court administrator. In the petition, Auto Owners requested an order directing it to pay to the court administrator the sum of $60,000, that the draft be made payable to the court administrator to be deposited into an interest bearing account, that respondents would have no further claim of indemnity under the liability policy and, finally,

> [t]hat Petitioner, Auto Owners Insurance Company, will be relieved of any further obligation to indemnify [respondents] under the bodily injury liability coverage of Policy No. 880106–08425249 except the duty to defend * * * David Lawrence Kuehn for claims arising out of the accident giving rise to this petition.

Auto Owners claimed no interest in the funds deposited, attached no conditions to its petition, and did not seek to remain involved in the distribution of the policy proceeds. All respondents joined in asking that the court grant the motion. An order granting Auto Owners' petition to deposit the liability limits was issued February 8, 1991.

Subsequently, Deanne Valadez moved to distribute the deposited funds, and a hearing was held on the motion. At that hearing, respondents stipulated that the funds should be distributed as follows:

| | |
|---|---|
| Gerald Ladsten | $23,000.00 |
| Deanne Valadez | 15,000.00 |
| Brenda Valadez | 11,000.00 |
| Jane Krogstad | 11,000.00 |
| Jeffrey Sundet | –0– |
| TOTAL | $60,000.00 |

Auto Owners opposed the proposed distribution, arguing respondents should be obligated to obtain judgment against Daniel Kuehn before they would be entitled to any of the insurance proceeds. In addition, Auto Owners contended respondents should be obligated to execute releases of Kuehn as a condition of distribution.

The trial court granted the motion to distribute the deposited funds. In doing so, the court noted that the position taken by Auto Owners regarding the motion to distribute was different from the position it took at the time it sought to deposit the funds. The court held that Auto Owners had previously indicated no intent to retain any interest in the insurance proceeds. Accordingly, the court ordered the funds distributed. Auto Owners appeals.

## ISSUE

Did the trial court abuse its discretion in ordering distribution of the insurance proceeds deposited by Auto Owners?

## ANALYSIS

Minn.R.Civ.P. 67.02 provides:

> When money or other personal property in the possession of any person, as bailee or otherwise, is claimed adversely by two or more other persons, and the right thereto as between such claimants is in doubt, the person in possession, though no action is commenced against that person by any of the claimants, may place the property in the custody of the court. The person in possession shall apply to the court of the county in which the property is situated, setting forth by petition the facts which bring the case within the provisions of this rule, and the names and places of residence of all known claimants of such property. If satisfied of the truth of such showing, the court, by order, shall accept custody of the money or other property, and direct that, upon delivery and upon giving notice thereof to all persons interested, personally or by registered mail as prescribed in such order, the petitioner is relieved from further liability on account thereof.

*Id.* Regarding Minn.R.Civ.P. 67.02, one commentator has stated:

> One occasional use of Rule 67.02 is by liability insurers who do not deny coverage under liability policies and do not contest the liability of their insureds, but who are confronted by multiple claims in excess of the policy limits.

2A D. Herr & R. Haydock, *Minnesota Practice* § 67.4 (1985) (hereinafter 2A Herr & Haydock).

In interpreting a statute similar to Rule 67.02, the Minnesota Supreme Court stated:

This statute was intended to meet cases where a person occupies the position of bailee or custodian, unable to determine to whom the property or money held by him rightfully belongs, and to which he himself makes no claim of right or title. To protect such a person from a possible double liability, the statute provides that he may deposit the money or property in court, and thereupon be relieved from further liability to any of the claimants. *It was not intended to apply to persons who make personal claim to the property in their possession, but only to persons who are disinterested bailees or custodians, having no claim of their own, and not disputing the rights of the various claimants.*

*Austin v. March*, 86 Minn. 232, 235, 90 N.W. 384, 385 (1902) (emphasis added). The court in *Austin* noted that the statute, 1895 Minn.Laws, ch. 329, § 1, was intended to give the common law equitable relief of interpleader. *Id.* Interpleader is now governed by Minn.R.Civ.P. 22.

The plain language of rule 67.02 contemplates a situation in which several parties make a claim to money or property held by a disinterested third party. The rule permits the disinterested third party to deposit the money or property into court and be relieved of any further liability.

We note that Fed.R.Civ.P. 67 was amended in 1983 to permit a petitioner to deposit property into court while still claiming an interest in the property. *See* Fed.R.Civ.P. 67, advisory committee's note (1983). Similarly, Minn.R.Civ.P. 67.01 permits a depositor to retain an interest in the property. 2A Herr & Haydock, § 67.3. However, when property is deposited under Minn.R.Civ.P. 67.02, the depositor relinquishes all interest in the property, and the court acquires *in rem* jurisdiction over the property. 2A Herr & Haydock, § 67.4. The court may then proceed to resolve the competing claims to the property. *Id.* By proceeding under rule 67.02, Auto Owners relinquished any interest in the funds deposited.

Auto Owners contends the deposit into court affects only the relationship between Auto Owners and its insured. We disagree. The plain language of the rule refers to a situation in which money in the possession of one person is claimed adversely by two or more other persons, "and the right thereto *as between such claimants* is in doubt." Minn.R.Civ.P. 67.02 (emphasis added). Clearly, neither Auto Owners nor its insured is a claimant.

Auto Owners also contends that the claimants had no right to recover the policy proceeds absent consent by Auto Owners and its insured. However, a party seeking to proceed under rule 67.02 may not retain any interest in the funds deposited. In its petition, Auto Owners did not seek to retain any interest in the funds. By proceeding under rule 67.02, we conclude Auto Owners disavowed any such interest. Auto Owners cannot later assert such an interest in the funds.

## DECISION

When Auto Owners deposited funds into court pursuant to Minn.R.Civ.P. 67.02, the trial court acquired *in rem* jurisdiction over the funds and had the power to distribute those funds. The trial court did not abuse its discretion in distributing the funds.

Affirmed.