### JUDAH *against* JUDD and others.

THIS was a petition in chancery brought to the superior court, shewing that *Judd* mortgaged certain lands to secure several distinct debts due from him, one to *Pearsall* and *Collins*, one to *Hicks* and *Joseph Shotwell*, and one to *John* and *Jeremiah Shotwell*, which debts were unpaid; that *John* and *Jeremiah Shotwell* being indebted to the petitioner, he brought his action against them as absent and absconding debtors, left a copy with *Judd* as their debtor, recovered judgment against them, and within sixty days made demand

*A.* owed a debt to *B.* which was secured by mortgage, and *B.* was indebted to *C.* to an equal amount. *C.* brought foreign attachment, obtained judgment, made demand of *A.* on the execution, which was returned unsatisfied, and then brought a *scire-facias* and recovered judgment against *A.* who had no means of payment but the land mortgaged to *B.* Pending a bill for foreclosure brought by *B.*, *C.* made application in chancery to become party thereto, and to stand in *B.*'s place, and take the benefit of his security. Held that *C.* was not entitled to the relief prayed for.

New-Haven,
June, 1815

Judah
v.
Judd.

of *Judd* upon the execution, which was returned *nulla bona* and *non est inventus;* that the petitioner then brought his *scire-facias* against *Judd,* and recovered judgment against him for a sum equal to the demand due to *John* and *Jeremiah Shotwell;* that *Judd* has no means of paying said debt but by the land so mortgaged ; that the mortgagees have brought their petition for a foreclosure, and also an action of eject-ment, which are now pending ; and that the petitioner is entitled to the beneficial interest in the mortgage. The petitioner, therefore, prayed that he might be permitted to stand in the place of the *Shotwells,* and be entitled to the benefit of the security which they would have had right to, had there been no process by foreign attachment ; and that he might become party to the petition for foreclosure, &c.

To this petition there was a demurrer ; and the superior court reserved the question for the consideration and advice of the nine Judges.

*T. S. Williams* for the petitioner. It is a settled principle that the interest in the security follows the debt it was given to secure. 2 *Burr.* 978, 9. It has been repeatedly decided by our courts, that the beneficial interest in a mortgage passes to the assignee of the debt, without any assignment of the property mortgaged. *Lawrence* v. *Knapp & al.* 1 *Root* 248. *Crosby* v. *Brownson,* 2 *Day's Ca.* 425. *Austin* v. *Burbank,* 2 *Day's Ca.* 474. Our statute relative to attaching the effects of absconding debtors(*a*) makes debts due to such persons *effects* liable to be attached. In this case, *Judah* had attached the debt in question as the effects of the *Shot-wells* in the hands of *Judd ;* had brought a suit against the *Shotwells,* leaving a copy with *Judd* as their debtor ; had obtained judgment against the *Shotwells ;* had made a de-mand of *Judd,* and had the execution returned unsatisfied within sixty days ; and upon *scire-facias* against *Judd,* had recovered a judgment against him. This judgment would be a bar to any claim of the *Shotwells* upon this debt against *Judd ;* and *Judd* must pay the amount of this debt to *Judah.* This, then, in law must be considered in the same light as an assignment of the debt by the *Shotwells.* It is an assign-ment under our statute. *Judah* has pursued the mode poin-ted out by the statute for levying upon this debt as the effects

(*a*) *Tit.* 14. *c.* 3. *s.* 5.

*New-Haven,*
June, 1815.

Judah
*v.*
Judd.

of the *Shotwells* ; and *Judd,* instead of being the debtor of the *Shotwells,* has now become the debtor of *Judah.* It would seem that the rights of *Judah* thus acquired by operation of law should be recognized as well as the rights of the assignee of a bond, who has only an equitable, and not a legal, interest. *Judah,* then, having a right to the debt, has also a right to the security which was given to accompany it.

It has been objected, that *Judah* ought to have levied his attachment upon the mortgaged premises. To this it is answered, first, that if the foregoing reasoning be just, it was unnecessary ; and secondly, that it could not be done so as to give any additional security. Had *Judah* levied upon it as *Judd's* property, he could have got nothing but *Judd's* equity after payment of the debts specified in the deed, and would not by that means have acquired any new right to the *Shotwells'* interest. Had he levied upon the *Shotwells'* interest, he could have gained nothing, unless he had also acquired an interest in the debt ; and the mere fact that he had levied his execution upon the land would have precluded him from taking the steps against *Judd* necessary to acquire that interest.

If the petitioner is not entitled to this relief, then upon the petition brought by *Pearsall* and others for a foreclosure, the court must pass a decree, which will compel *Judd* to pay the whole mortgage debt, including the sum originally due to the *Shotwells,* for which he is now personally liable to *Judah :* or, if upon such payment *Judd* is protected by the operation of the foreclosure, then the petitioner must lose the debt, which, by the express words of the statute, *Judd* is liable to pay out of his own effects.

The case was submitted without argument on the part of the respondents.

SWIFT, Ch. J. The petitioner might have taken the land mortgaged by *Judd* to *John* and *Jeremiah Shotwell* in payment of his debt, by legal process ; or, they being absent debtors, he had a right by foreign attachment against *Judd* as debtor to them, to collect it of him. The only right which he could acquire against *Judd* was to collect the debt out of his estate ; which would operate as a payment to *John*

and *Jeremiah Shotwell.* A failure of such collection by the inability of *Judd* to pay, or for any other reason, could not operate as an assignment of the debt to the petitioner, or as a transfer of the interest of the *Shotwells* in the land mortgaged to secure the debt. The petitioner, by such proceeding, obtained no title in law or equity to the debt, or the mortgaged premises. A court of equity cannot create a right; it can only give effect to existing rights.

From the facts stated in the petition, it appears, that the petitioner could now by legal proceedings take the right of the *Shotwells* to the mortgaged premises in payment of their debt; and a court of chancery might with equal propriety in all cases interfere, and decree that the land of a debtor shall be transferred to his creditor in payment of his debt, as in the present case. But no court of chancery ever claimed or exercised such a power.

TRUMBULL, J. expressed his opinion concisely to the same effect.

EDMOND, J. The object manifestly sought by this petition is to procure the petitioner to be substituted as a party in the place of the *Shotwells* in the petition for a foreclosure, and in that way place himself before the mortgagees in a subsequent mortgage, obtain a foreclosure in his own favour, and by a decree of this Court vest the legal estate in himself. This the facts stated in the petition will not warrant.

The petitioner has not shewn in his petition any tranfer of the debt due from *Judd* to the *Shotwells,* to himself. All that appears from it, is, that he has attempted by legal process to obtain the debt or effects of the *Shotwells* in *Judd's* hands, and has failed in the attempt.

I am of opinion that the petition is insufficient; and that the superior court be so advised.

The other Judges concurred.

Petition insufficient.