WINCHELL *against* ALLEN :

IN ERROR.

THIS was a *scire-facias* in a process of foreign attachment against *Israel Allen*, as the debtor, &c. of *Ezekiel Allen*, brought to the county court of *Hartford* county.

On the trial, it appeared that *Reuben Allen* bequeathed to *Ezekiel Allen* " one hundred dollars, and his said *Reuben's* wearing apparel, to be paid in grain or neat cattle in two years from his said *Reuben's* decease ;" and appointed the defendant his executor. *Reuben Allen* died on the 4th of *February* 1810. The process of foreign attachment, which was regularly pursued, was commenced and a copy left in service with the defendant, on the 5th of *February* 1812. The defendant had previously accepted his appointment, and caused the will to be duly proved and approved. The estate was solvent ; and the time limited by the court of probate for its settlement was one year from the 28th of *February* 1810. No demand of the legacy had been made by the legatee. On these facts the court instructed the jury, that the defendant was in contemplation of law the debtor, &c. of *Ezekiel Allen*, and liable to pay the plaintiff's claim out of his own estate. To this charge the defendant filed a bill of exceptions ; and after a verdict and judgment for the plaintiff, brought a writ of error in the superior court. The judgment of the county court was there reversed ; whereupon the original plaintiff brought the present writ of error.

*H. Huntington*, and *Edwards*, for the plaintiff in error, contended, that as the legacy in question had become payable before the defendant was served with process, he was then the debtor and trustee of *Ezekiel Allen*, and was of course liable on the *scire-facias*.

An executor is not liable in foreign attachment for a legacy in his hands.

*Hartford,*
*November,*
*1815.*

*Winchell*
*v.*
*Allen.*

*T. S. Williams* and *Scarborough,* for the defendant in error, insisted that this legacy in the hands of the executor was not subject to the process of foreign attachment; and that if it could be under any circumstances, it was not in this case, because no demand had been made by the legatee, and no assent given by the executor. As the legatee could not sue for the legacy, the creditor of the legatee cannot recover the amount of it by this process. They urged the embarrassment and delay in the settlement of estates which the doctrine contended for would produce. The executor would be obliged to settle his account in a manner different from that prescribed by law; and much confusion would result from this change of forum and encroachment upon the exclusive jurisdiction of courts of probate. They cited *Barnes* v. *Treat & al.* 7 *Mass. Rep.* 271. *Brooks* v. *Cook & al.* 8 *Mass. Rep.* 246. *Wilder* v. *Baily & al.* 3 *Mass. Rep.* 289. *Chealy & al.* v. *Brewer & al.* 7 *Mass. Rep.* 259.

Swift, Ch. J. An executor cannot be considered as the debtor of a legatee. The claim is against the testator or his estate; and the executor is merely the representative of the deceased. There cannot be a debt due from the executor within the meaning of the statute. Nor can a person, like an executor, deriving his authority from the law, and bound to perform it according to the rules prescribed by law, be considered as a trustee, agent, attorney or factor within the statute; and this for the best of reasons. In the common case of agents, trustees and factors, the creditor can easily place himself in the shoes of the absconding debtor, and prosecute his claim without inconvenience to the garnishee. But such would not be the case with an executor. It would not only embarrass and delay the settlement of estates, but would often draw them from courts of probate, where they ought to be settled, before the courts of common law, who would have no power to adjust and settle his accounts. Such an interference might produce much inconvenience, and prevent the executor from executing his office as the law directs.

I am of opinion that the judgment ought to be affirmed.

In this opinion the other Judges severally concurred.

Judgment affirmed.