# WILLIAM R. SHELTON vs. FREDERICK WOLTHAUSEN ET ALS.

Third Judicial District, Bridgeport, April Term, 1908.

BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE and THAYER, Js.

Where money is paid into court in an action to determine its owner-
    ship, it is in the custody of the law, and is to be disposed of only
    through the medium of proceedings had in or relating to that
    cause.

If one who is not a party to the suit claims an interest in the fund or
    right concerning it, he should apply to be made a party to the
    suit, and present his claim therein.

Where a fund is, under an order of court in such an action, paid to the
    clerk of the court, and the order requires the clerk to hold the
    fund to await the result of a pending suit, and directs the manner
    of the payment of the fund upon the conclusion of the suit, it is
    the duty of the clerk to strictly comply with the order and to pay
    over the fund as directed.

In such a case, although the party who in the event becomes entitled
    to receive the fund under the terms of the order has no equitable
    interest in it and such interest is in a third person or his assignee,
    a creditor of such third person may not with any effect serve a
    process of foreign attachment upon the clerk in an action brought
    by such creditor against such third person.

In such a case, after service of such process upon the clerk, recovery of
    judgment by the creditor against the equitable owner of the fund,
    and demand on execution on the clerk, an action of interpleader
    by the clerk against all persons claiming an interest in the fund, to
    determine who is entitled to receive it, is misconceived and irreg-
    ular, as in disregard of the clerk's relation to the money, and of
    the court's authority over it, and order concerning it; and judg-
    ment in such action awarding the fund to a party other than the
    party to whom payment was directed by the unmodified order in
    the original action must be set aside.

The effect of garnishment proceedings upon a fund, placed in the
    hands of a depositary by order of court, after the ownership of the
    fund has been adjudicated and an order directing its payment to
    the defendant in the attachment action has been passed, is a ques-
    tion not presented by the present action.

Neither is the broad general question presented as to whether or not
    a fund deposited in court, as this was, can be made the subject
    of foreign attachment with any effect.

A factorizing creditor, save in cases of fraudulent or voluntary con-

veyances, can do no more than succeed to the rights of his debtor. Where the court has ordered money deposited with its clerk to be paid to a party other than defendant in a foreign attachment suit, such defendant has no right to the fund, which can be attached, since he himself is powerless to assert a claim to it.

This is the more true where the order of the court for payment is based on a prior judgment in favor of the payee.

Where the party to whom the order of court directed payment had no equitable title to the fund, but such title was in another party, these facts do not render the fund in the clerk's hands subject to garnishment in favor of a creditor of the owner of the equitable interest in the fund.

Equitable interests are not subject to foreign attachment, except by special statute.

Argued April 21st—decided June 2d, 1908.

ACTION of interpleader to determine the rights of the respective defendants in and to money held by the plaintiff as clerk of the Superior Court, brought to and tried by the Superior Court in Fairfield County, *Reed, J.;* facts found and judgment rendered in favor of the Espencheid Hat Company, one of the defendants, and appeal by John C. Wilson, another defendant. *Error and judgment reversed.*

August 11th, 1902, the defendants Wolthausen and Bouton made and delivered their non-negotiable note for $2,500 to one Settle. This note became due October 31st, 1902. October 9th, 1902, the Espencheid Hat Company brought an action against Settle, and therein factorized Wolthausen and Bouton. October 11th, 1902, Settle assigned the note to the Essex County Trust Company as collateral security for certain sums then and thereafter to be advanced to Settle. November 20th, 1902, the Trust Company brought suit upon the note against the makers in the Superior Court in Fairfield County, and on February 18th, 1903, judgment therein was rendered in favor of the Trust Company for the recovery of $2,574.16. Settle's indebtedness to the Trust Company amounted to $718.65. Whatever sum in excess of this amount it should receive from said judgment it was bound to account for to Settle or those who claimed under him. January 31st,

1903, Settle assigned his interest in the note to John C. Wilson, doing business as John C. Wilson & Company, as security for credits given and to be extended by said firm to Settle, and notice thereof was on February 11th, 1903, given to the Trust Company.

After the recovery of judgment by the Trust Company, the action on behalf of the Espencheid Hat Company being still pending, Wolthausen and Bouton, the judgment debtors in one case and garnishees in the other, brought to the Superior Court in Fairfield County an action in the nature of an interpleader, setting out the facts above recited, and asking that, after the payment to the Trust Company of said sum of $718.65 due it from Settle, the balance due from them upon the judgment, to wit, $1,855.51, be deposited by them in the hands of the clerk of the court to await the disposition of the action of the Hat Company against Settle, and be distributed as the court should determine and direct. April 2d, 1903, an order was passed in said action directing the deposit with the clerk, who was this plaintiff, by said Wolthausen and Bouton of said sum of $1,855.51, together with the accrued interest thereon. This order was complied with, said sum of $718.65 having been first paid to the Trust Company. The order of April 2d, 1903, besides directing said payment to the clerk, directed him to hold the fund paid to him until the action of the Hat Company against Settle should be terminated, that he pay to such officer as had in his hands an execution issued against Settle in that case, upon demand, such sum as was required to satisfy it, and that he pay the balance, if any, then remaining in his hands to the Trust Company. It was further ordered that, upon production to said clerk of a copy of final judgment in said action in favor of Settle, he should pay the entire amount in his hands to the Trust Company.

July 6th, 1903, said Hat Company began another action for another cause of action and garnisheed the Trust Company and the present plaintiff, who had continued to be and still is the clerk of said Superior Court. The two ac-

tions instituted by the Hat Company against Settle remained in the Court of Common Pleas in Fairfield County, to which they were brought, until January, 1905, when they were tried, and judgment was rendered in favor of the plaintiff in each case on April 3d, 1905. The amount of the judgment in the first action was afterward, pursuant to the order of April 2d, 1903, paid by this plaintiff out of the funds held by him, and the judgment thereby satisfied. The balance then remaining in the plaintiff's hands was $1,029.87. The amount of damages and costs recovered in the second action was $931.15. Demand upon execution was refused by the plaintiff. January 29th, 1905, Wilson filed with the plaintiff a copy of the assignment to him from Settle, and then and thereafter claimed the balance in the plaintiff's hands now in controversy. The credits which Wilson had extended to Settle, relying upon said assignment, amounted to $1,101.01. In this situation the present action was instituted December 22d, 1905. April 30th, 1907, when judgment was rendered awarding the balance on hand, less certain taxable costs, to the Hat Company, the amount due upon the Settle judgment exceeded such balance. The right of action in each of the actions brought by the Hat Company against Settle existed prior to October 1st, 1902. Other facts found, having no bearing upon the questions discussed, are omitted.

Wolthausen and Bouton, the Essex County Trust Company, the Espencheid Hat Company, John C. Wilson and Settle are the parties defendant.

*James T. Hubbell,* for the appellant (defendant John C. Wilson).

*J. Belden Hurlbutt,* for the appellees (Espencheid Hat Company and Wolthausen and Bouton, defendants).

PRENTICE, J. The plaintiff is, and during the whole period covered by the events which have culminated in the

present controversy has been, the clerk of the Superior Court in Fairfield County. The fund here involved is the balance of a larger one which was by order of said court, passed in an action therein pending, paid into court and into the plaintiff's hands as its depositary. That action was one in the nature of an interpleader brought by parties who were obligated to pay the amount so ordered to be paid into court and against two defendants who made conflicting claims upon the plaintiffs therefor, and the court was asked, in the exercise of its equitable powers, to adjudicate the rights of the claimants, and to award the fund to the person or persons found entitled to it. The money thus deposited with this plaintiff passed into the custody of the law. It was the *res* which was the subject-matter of the action brought to determine its ownership and disposition. Such being its status, the court alone had authority over it, and that authority was one which could be properly exercised only through the medium of proceedings had in or relating to the pending cause. The jurisdiction which the court had over it could not be invaded by *scire facias* proceedings in the Court of Common Pleas, or, for that matter, any other court. Its disposition could not be controlled from without or through any other channels than those which the law provides as incidental to a pending action. Methods are provided whereby persons asserting claims, new or old, to funds thus in court awaiting judicial disposition, may present such claims to the consideration of the court, being admitted as parties for that purpose, if strangers to the cause. It became the privilege of the Hat Company, already a party, if it conceived that it had acquired a new status in relation to the money remaining in court, or a new right to share in it, to interpose that claim. It was likewise the privilege of Wilson, as assignee of Settle, to apply to intervene in the action, and assert any claim which he thought that his situation justified. By no other course could either reach the fund and release it or any part of it from the judicial grasp which was upon it. This plaintiff, as the officer and de-

positary of the court, could recognize no other authority than that which placed the money in his hands pending adjudication and judgment of distribution. *Tuck* v. *Manning*, 150 Mass. 211, 215, 22 N. E. 1001.

But that is not all. We have thus far considered the situation presented upon the assumption that no order of distribution of the balance now in contention had been made in the original action. Such, however, is not the fact. The balance, which the Hat Company and Wilson now claim, and which in the present action has been ordered paid to the Hat Company, was by the terms of the order passed in that action April 2d, 1903, directed to be paid to the Essex County Trust Company, one of the then parties claimant, and the present plaintiff was ordered to so pay it. Such was the situation when the present proceeding was begun, and such it is to-day. The authority alone having jurisdiction to adjudicate as to the disposition of this *res* had adjudicated. The authority alone competent to command this plaintiff as to his conduct with it had commanded. The present resort to an independent action was therefore misconceived and irregular, as being in disregard of the plaintiff's relation to the money in his hands, of the authority of the court over it in the pending action, and of the order of the court passed therein, or, if it be that the authority of the court in that action had been finally exercised and final judgment rendered, then of the terms of that final judgment, and the present judgment awarding the fund to the Hat Company must, for that reason, be set aside.

The Hat Company's claim to the fund rests solely upon its institution of an action against Settle in which the plaintiff was named as garnishee, the service of the writ and complaint upon the latter, as required in garnishment proceedings, the rendition of final judgment in said action in favor of the Hat Company, the issuance of an execution thereon, and a demand thereunder upon the plaintiff. In answer to this claim it is urged that the money in the plaintiff's hands, being in the custody of the law, could

not be made the subject of foreign attachment. The Hat Company asserts the contrary proposition. The facts before us disclose a decree of the court directing that the money in controversy be paid to a third party. We have no occasion, therefore, to determine the broad general question, to which the arguments of counsel were for the most part addressed, as to whether or not a fund deposited in court, as this was, can under our statutes be made the subject of foreign attachment with any effect. It is of course plain from what has already been said that it cannot, with the usual consequence that judgment may be followed by *scire facias* proceedings to appropriate the fund. The field of inquiry in this direction is, however, not exhausted in this statement. But we have no occasion to traverse it. See *Conover* v. *Ruckman*, 33 N. J. Eq. 303; *Trotter* v. *Lehigh Z. & I. Co.*, 41 id. 229, 3 Atl. 95; *Dunlop* v. *Patterson Fire Ins. Co.*, 74 N. Y. 145; *Wehle* v. *Conner*, 83 id. 231; *Tuck* v. *Manning*, 150 Mass. 211, 22 N. E. 1001; *Colby* v. *Coates*, 6 Cush. (Mass.) 558; *Allen* v. *Gerard*, 21 R. I. 467, 44 Atl. 592; *Winchell* v. *Allen*, 1 Conn. 385; *Stillman* v. *Isham*, 11 id. 124. Neither have we occasion to decide the narrower question, sometimes distinguished from the former, as to the effect of garnishment proceedings upon a fund so placed in the hands of a depositary by order of court after the ownership of it has been adjudicated and an order paying it to the defendant in the attachment action has been passed. See *Wilbur* v. *Flannery*, 60 Vt. 581; *Williams* v. *Jones*, 38 Md. 555. The situation before us presents other controlling features.

A factorizing creditor can acquire no greater right to the effects of the defendant in the hands of the garnishee, or to any debt owing from the garnishee to the defendant or against the garnishee, than the defendant himself had at the time of the garnishment, unless it may be in cases of voluntary or fraudulent conveyances. He can only succeed in putting himself into the position with respect to the effects or debts attached that the defendant occupied. *Fitch* v. *Waite*, 5 Conn. 117, 122; *Harris* v. *Phœnix Ins.*

*Co.*, 35 id. 310, 312; *Parsons* v. *Root*, 41 id. 161, 166. Settle was the defendant in the action of the Hat Company. It was, therefore, his debt due from the present plaintiff that was sought to be attached. It was his position with respect to this plaintiff and the fund in his custody into which, giving the attempted garnishment all the effect that such proceedings ever have, the Hat Company could claim to have been admitted. Settle, however, when the attachment was served upon Shelton, had no claim to any of the money in the latter's hands. All of that now in controversy had been awarded to the Trust Company, and Shelton was under the orders of the court to pay it to that company. Until that judicial award and order should be revoked, as it never has been, Settle was powerless to assert any claim against Shelton or to the fund in his keeping.

Furthermore, the money in court was the proceeds of a payment by Wolthausen and Bouton in satisfaction of a judgment in favor of the Trust Company. The order of April 2d, 1903, which made disposition of this fund, recognized the force of this judgment and the rights it gave, save as they were affected by the equities of the situation created by the Hat Company's garnishment of Wolthausen and Bouton prior to the assignment of the note to the Trust Company. Settle's position and rights when the second garnishment was made must be determined in the light not only of the order of April 2d, 1903, but also of the judgment which lay back of that order, which, together, made the legal right of the Trust Company to collect and receive the money complete and denied to Settle any right to receive it, save by force of the Trust Company's duty to account to him for it after it should have received it. Whatever interest Settle may have had to the money in the plaintiff's hands had none other than an equitable foundation, and equitable interests are not the subjects of foreign attachment, save as special statutes may have made them so. *Judah* v. *Judd*, 1 Conn. 309; *Candee* v. *Penniman*, 32 id. 228, 239; *Armstrong* v. *Cowles*, 44 id. 44, 50; *Chase* v.

*Thompson*, 153 Mass. 14, 16, 26 N. E. 137; *Burnham* v. *Hopkinson*, 17 N. H. 259, 260. The trial court, therefore, erred in giving to the garnishment of the plaintiff the effect it did in awarding the fund to the Espencheid Hat Company.

There is error and the judgment is reversed.

In this opinion the other judges concurred.