EARL S. WELLINGTON
*vs.*
ALICE ROWLAND WELLINGTON

Superior Court         New Haven County         File No. 56482

MEMORANDUM FILED JULY 11, 1940.

*Thomas J. Ryan*, of New Haven, for the Plaintiff.

*Edward L. Reynolds*, of New Haven, for the Defendant.

QUINLAN, J.   If the defendant in this case is harassing the plaintiff by multitudinous proceedings naturally there arises a feeling of sympathy.   That there have been or are pending many proceedings is indicated by the arguments of counsel.   Where the right lies is impossible for me to determine, but counsel certainly have a duty to see that the personal animosities of the parties do not enter their relations and negotiations, to the end that proper costs are promptly recognized.   Practice Book (1934) p. 11; p. 15, §20.

So far as the motion for payment of costs is concerned, I am not concerned with the state of accounts between the parties and am not going to assume to make an order which might be considered preferential.   With respect to aiding a garnishment I fail to read any of the cases in the same light as plaintiff's counsel.   *Shelton vs. Wolthausen*, 80 Conn. 599, at page 605 speaks of "the effect of garnishment proceedings upon *a fund* so placed in the hands of a depositary by order of court after the ownership of it has been adjudicated", and cites a Vermont and a Maryland case.   (Italics added.)   Just reading that phrase demonstrates that no reference is had to a fund in the clerk's hands.   The Maryland case has no application to the question at bar while in the Vermont case, *Wilbur vs. Flannery*, 60 Vt. 581, at page 583, it was only a coincidence that the custodian was the clerk and the court recognizes the principle that public officials should not be subjected to the trustee process and says this proposition is abundantly fortified by authorities.   That trustee was not one for the court nor for the parties to the litigation.

The court here will not begin a precedent by an order of consent to a garnishment of a clerk of the court.   If it is thought the cases sustain such a proceeding, counsel can pursue such remedies as seem to lay open, but not by positive sanction of this court.

Motion denied.