THE TRAVELERS INSURANCE COMPANY *v.* TATANIA SELINGER ET AL.

APPELLATE DIVISION OF THE COURT OF COMMON PLEAS

FILE No. CV 8-699-8751

Argued September 11, 1973—decided January 18, 1974

---

*Leon S. Soroker,* of West Haven, for the appellant (named defendant).

*Joseph Shelnitz,* of New Haven, for the appellees (defendants McCarroll and defendant Margaret M. Pruett).

CIANO, J. This action was instituted by the plaintiff insurer in September, 1969, under the provisions of § 52-484 of the General Statutes, as an action in the nature of an interpleader respecting the rights of each of the defendants to the proceeds of a life insurance policy in the amount of $6000. The plaintiff further requested that it be allowed reasonable attorneys' fees and costs as provided by § 52-484.

All defendants appeared, and an interlocutory judgment of interpleader was entered on December 7, 1970, wherein the plaintiff was allowed $638 for reasonable attorneys' fees and costs, and the balance of $5362 was placed in the possession of the clerk of the Circuit Court in the eighth circuit.

In 1961, Joseph Phillip McCarroll was insured by the plaintiff under a group life policy as an employee of Railway Express Agency, Inc. He reserved the right to change the beneficiary. On September 9, 1968, he changed the beneficiary, naming the defendant Tatania Selinger, hereinafter referred to as the claimant. The insured died on June 3, 1969. A claim to the proceeds of the policy was made by the claimant and by Beatrice M. McCarroll, Henry S. McCarroll and Margaret M. Pruett, hereinafter called the defendants. As a result of the conflicting claims, the plaintiff filed the interpleader action.

On April 25, 1972, after proper notice to all parties, the claimant appeared with her witnesses and was fully heard on the issues. The defendants failed to appear, and a default judgment was

entered by the court. A judgment on a default after a full hearing in damages is a final judgment. *New England Floor Covering Co.* v. *Architectural Interiors, Inc.,* 159 Conn. 352, 355. On April 25, 1972, a judgment was entered in favor of the claimant on the ground that she was the properly designated beneficiary under the policy and entitled to recover the proceeds of the balance of the policy in the amount of $5362, without costs.

The defendants appealed from the judgment to the Appellate Division of the Court of Common Pleas. On February 15, 1973, this appeal was dismissed. The defendants did not petition the Supreme Court for certification as prescribed by chapter 38 of the Practice Book. A dismissal of an appeal or the expiration of the time to appeal leaves the judgment in full force and effect.

On February 23, 1973, the claimant made an application by motion for release of the funds deposited with the clerk of the Circuit Court pursuant to the action of interpleader, as provided by statute. The rights of the claimant were established by the entry of judgment in her favor. The dismissal of the appeal by the Appellate Division and the failure of the defendants to pursue their appeal in effect made that judgment a conclusive determination of the rights of the parties, and it is in full force and effect. *Spencer* v. *Mack,* 112 Conn. 17, 23; *Shelton* v. *Wolthausen,* 80 Conn. 599, 603.

Execution may issue immediately upon the trial court's judgment unless otherwise stayed. In this action the execution could not issue, since the funds were in the possession of the clerk subject to the order of the court upon its judgment. *Coughlin* v. *McElroy,* 72 Conn. 444. The court denied the claimant's motion for release of the funds on March

12, 1973. A motion to reconsider was denied on April 16, 1973. No reasons for the denials were stated by the court.

A final judgment having been entered, the court had no alternative but to grant the motion of the claimant to release the funds to her, and the failure to do so was error. "A final valid decree determining the rights of the claimants ends the whole litigation." 48 C.J.S. 102, Interpleader, § 47; *Shelton* v. *Wolthausen*, supra.

The clerk in the eighth circuit, "as the officer and depositary of the court, could recognize no other authority than that which placed the money in his hands pending adjudication and judgment of distribution." *Shelton* v. *Wolthausen*, supra, 603–4. Once final judgment is entered in the interpleader action, the court had no choice but to grant the motion for the release of the funds.

There is error in the court's denial of the motion of the defendant Tatania Selinger for release of the funds, and the case is remanded with direction that the funds be released to that defendant in accordance with the judgment as on file.

In this opinion O'BRIEN and SPONZO, Js., concurred.