[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Town of Fairfield appeals a decision of the defendant state board of labor relations. The board held that the Town had engaged in an unfair labor practice by hearing grievance proceedings in meetings open to the public over the objection of the defendant IAFF, Local 1426 (the Union) The Town appeals pursuant to General Statutes §§ 7-471(5), 31-109(d) and 4-183. The court finds the issues in favor of the defendants.
The following facts are undisputed. The Town is an employer within the meaning of the Municipal Employee Relations Act (MERA) and the defendant Union is an employee organization within the meaning of MERA. The grievance procedure under the collective bargaining agreement between the Town and the Union is a three step process. A hearing before the Town's Fire Commission is step 2 in the grievance procedure.
Since December, 1983, grievances at the step 2 level had been heard in executive sessions, closed to the public. A grievance was scheduled to be heard at the Fire Commission meeting of May 2, 1991. The grievance did not concern an individual employee; rather, the subject was the number of union representatives who may be present at grievance proceedings held in accordance with the collective bargaining agreement. The Fire Commission heard the grievance in a public session over the objections of the Union. Grievances have continued to be heard in public at the step 2 level, including a session CT Page 7496 held on September 5, 1991.
On June 20, 1991, the Union filed a complaint with the defendant board contending that the Town had engaged and was engaging in a prohibited practice in violation of MERA, specifically General Statutes § 7-470 (a)(4) and (5), in that the Town refused to hear grievances in a closed session and forced grievances to be heard during public meetings of the Fire Commission.
The board issued its decision on April 13, 1993, holding that the Town violated its duty to bargain in good faith under § 7-470 (a)(4) when, over the Union's objection, it conducted the step 2 grievance meetings of the Fire Commission in public. The board based its decision on its many prior rulings that the collective bargaining process must be conducted in closed sessions unless both parties agree otherwise. In response to the Town's argument that the Freedom of Information Act, General Statutes § 1-18a et seq., requires open sessions, the board held that a hearing on a grievance constitutes "negotiations with respect to collective bargaining" within the meaning of § 1-18a. It is, therefore, not a "meeting," and it is not subject to the requirements of the Act. Specifically, the board held that the requirement of § 1-21 (a) that "[t]he meetings of all public agencies . . . shall be open to the public" does not apply to the step 2 procedure under the collective bargaining agreement. The board ordered the Town to cease and desist from conducting such proceedings in public unless the Union agrees otherwise and to take certain affirmative action in accordance with the decision.
The Town's appeal of the board's decision is based on its contention that the board erred in interpreting the Freedom of Information Act. Specifically, the Town claims that the step 2 grievance procedure is not exempt from the requirements of the Act because such proceedings do not concern "strategy or negotiations with respect to collective bargaining." The Town claims that such proceedings are not related to the making or negotiation of a collective bargaining agreement, and therefore do not fall within the exception to the definition of a "meeting" under § 1-18a. CT Page 7497
As indicated, the critical issue presented by this appeal arises under the Freedom of Information Act, in particular the provisions of § 1-18a and the requirement that "meetings" of public agencies be open to the public. Section 1-18a(b) provides that "meeting" means "any hearing or other proceeding of a public agency . . . to discuss or act upon a matter over which the public agency has supervision, control, jurisdiction or advisory power. `Meeting' shall not include . . . strategy or negotiations with respect to collective bargaining. . . ."
In Glastonbury Education Assn. v. Freedom ofInformation Commission, 35 Conn. App. 18 (1994), our Appellate Court held "[t]he legislative history clearly demonstrates that the legislature intended the term meeting not to apply to any part of the collective bargaining process."
In Board of Education v. State Board of LaborRelations, 217 Conn. 110, 120-121 (1991), our Supreme Court held "[t]he `duty to bargain in good faith' is a term of art in labor law. It is an ongoing duty that continues after initial contract negotiations are over . . . It includes the duty to negotiate any question arising under an existing contract . . . If the contract requires arbitration of unresolved grievances, the duty to bargain in good faith includes the duty to participate in the grievance arbitration process, for disputeresolution under the grievance-arbitration process is asmuch a part of collective bargaining as the act ofnegotiating the contract." (Citations and internal quotation marks omitted; emphasis added).
It follows from the decisions cited above that the step 2 grievance proceedings under the collective bargaining agreement between the Town and the Union are part of the ongoing collective bargaining process. Such proceedings are not, therefore, "meetings" as that term is used in the Freedom of Information Act. The board was correct in so holding.
"Judicial review of [an administrative agency's] action is governed by the Uniform Administrative Procedure Act (General Statutes, c. 54, 4-166 through4-189), and the scope of that review is very CT Page 7498 restricted . . . Neither this court nor the trial court may retry the case or substitute its own judgment for that of the [administrative agency] . . . The court's ultimate duty is only to decide whether, in light of the evidence, the [agency] has acted unreasonably, arbitrarily, illegally, or in abuse of [its] discretion." (Citations and internal quotations marks omitted.) Board of Education v. Freedomof Information Commission, 208 Conn. 442, 452 (1988).
In this case, the board concluded that the Town violated its duty to bargain in good faith under General Statutes § 7-470 (a)(4) when it conducted the step 2 proceedings in public. "[I]t is a well established practice of (the) court to accord great deference to the construction given a statute by the agency charged with its enforcement." Starr v. Commissioner of EnvironmentalProtection, 226 Conn. 358, 372 (1993). It is undisputed that the board is charged with enforcing the statutes relating to collective bargaining, and this court is required to accord great deference to the board's interpretation of those statutes. Indeed, the Town's argument with the board's decision is only with respect to its interpretation of the freedom of information statutes. As indicated, the court finds that the board's decision concerning those statutes was also correct.
For all of the reasons set forth above, the court concludes that the decision of the board must be affirmed. The appeal is dismissed.