[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Douglas L. Dortenzio, the chief of police of Wallingford, appeals a decision of the defendant freedom of information commission holding that a conference between him and defendant Douglas Fairchild was a public meeting within the meaning of the Freedom of Information Act. The plaintiff appeals pursuant to General Statutes § 4-183. The court finds in favor of the plaintiff.
The essential facts are not in dispute and fully reflected in the record. After an investigation, the plaintiff proposed to discipline Fairchild, a sergeant in the police department. The agreement between the Town of Wallingford and the Wallingford Police Union Local #1570 and Council #15 AFSCME, AFL-CIO, provides that in such a case, the chief of police must first hold a conference with the officer at which the officer is entitled to be represented by the union. The agreement further provides that the union may oppose any potential disciplinary action "through the grievance procedure."
Upon receiving notice of the conference, Fairchild requested that it be held in public and either videotaped or audiotaped. The chief refused these requests, the conference was held in private, and the chief subsequently disciplined Fairchild.
Fairchild filed a complaint with the commission, CT Page 4930 which held a hearing. In its final decision, the commission determined that the conference was a "meeting" within the meaning of General Statutes § 1-18a(b) and therefore required to be open to the public under § 1-21. The commission declined, however, to nullify the action taken at the conference, the decision to discipline Fairchild, and merely ordered that "Henceforth the (chief) shall strictly comply with the provisions of §§ 1-21(a) and 1-21a(a), G.S."
In opposition to the appeal of the plaintiff chief of police, the commission first argues that he lacks aggrievement, pointing out that the commission did nothing beyond ordering him to obey the law in the future. This argument may not be sustained. The court finds that the plaintiff is aggrieved. Board of Pardonsv. Freedom of Information Commission, 210 Conn. 646, 650
(1989).
The plaintiff advances two arguments in support of his appeal to the court. He claims that the conference was "an administrative or staff meeting of a single-member public agency" and thus not within the definition of "meeting" in § 1-18a(b). His second claim is that the conference was part of the grievance procedure and thus "negotiations with respect to collective bargaining," which are also outside the definition of "meeting."
The court has reviewed the whole record and the arguments of counsel and concludes that the conference was part of the grievance procedure established by the collective bargaining agreement between the town and the police union. That being so, the conference was not a "meeting" as that term is defined in § 1-18a(b) and was not subject to the requirement of § 1-21 that "meetings" be held in public. See Board of Education v. State Boardof Labor Relations, 217 Conn. 110, 120-121 (1991);Glastonbury Education Association v. Freedom ofInformation Commission, 35 Conn. App. 18 (1994); Town ofFairfield v. IAFF, Local 1426, Superior court, JD of Fairfield at Bridgeport, DN. CV93-0304287 (July 11, 1994);12 Conn. L. Rptr. 131, 9 CSCR 800, (1994).
The commission erroneously determined that the plaintiff was required to hold the pre-disciplinary CT Page 4931 conference in public. Accordingly, its decision may not be affirmed.
The plaintiff's appeal is sustained.
MALONEY, J.