[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION TO DISMISS
PROCEDURAL HISTORY
On May 11, 2001, the plaintiff, Leonor Segal, filed a complaint for interpleader against the defendants, Moses Segal (M. Segal) and Brian Murphy (Murphy), the chief clerk of the court for the judicial district of Litchfield at Litchfield. The complaint provides that on September 16, 1988, the plaintiff and M. Segal executed an addendum to their post-nuptial agreement. (addendum and agreement collectively referred to as "agreement").[1] The agreement sets forth the parties financial obligations and rights, as well as, the manner of distribution of certain assets. The plaintiff states that M. Segal breached the agreement, which resulted in a trial in the District Court for Clark County in Nevada. The Nevada court entered judgment in favor of the plaintiff M. Segal appealed the Nevada judgment to the Nevada Supreme Court where argument was heard on May 14, 2001.[2] The plaintiff further claims that M. Segal did not file a bond to stay enforcement of the Nevada judgment pending the appeal.[3] As a result of this failure to file a bond, the plaintiff claims that she is entitled to pursue immediate enforcement of the judgment. Pursuant to this enforcement, a partition action was conducted in the judicial district of Litchfield at Litchfield[4] concerning certain real property identified in the agreement. Funds in the amount of $496,411.54 (funds) were realized from the sale of the property. The court in the partition action awarded the plaintiff and M. Segal each a portion of the funds. Both parties have appealed the court's decision. The action is still pending in the Connecticut Appellate Court. The funds are currently in Murphy's possession. Both the plaintiff and M. Segal have claimed entitlement to the funds.
On June 15, 2001, Murphy, moved to dismiss the plaintiff's complaint for interpleader on the ground that the court lacks subject matter jurisdiction. On August 13, 2001, the plaintiff filed a memorandum in opposition to the motion to dismiss. For the reasons set out below, the CT Page 15505 court grants the motion to dismiss.
 DISCUSSION
A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v.Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622, 624, 461 A.2d 991
(1983). "The motion to dismiss shall be used to assert . . . lack of jurisdiction over subject matter." (Internal quotation marks omitted.)Sadloski v. Manchester, 235 Conn. 637, 645-46 n. 13, 668 A.2d 1314
(1995); Practice Book § 10-31(a).
In support of his motion to dismiss, Murphy argues that the court lacks subject matter jurisdiction because the action is barred by the doctrine of sovereign immunity. Specifically, Murphy asserts that the plaintiff is seeking to garnish the funds that are in his possession while the resolution of the underlying action is pending on appeal. He argues that in his capacity as chief clerk he is not subject to an order of garnishment. He further argues that the state cannot be sued without its consent unless a statute exists waiving the state's immunity.
In response, the plaintiff asserts that the doctrine of sovereign immunity is inapplicable to this action. First, the plaintiff argues that an interpleader action is not tantamount to a garnishment because in an interpleader action the subject funds are not "attached" so as to "deprive" a party of their property. Instead, the plaintiff asserts that the purpose of the interpleader is to determine the ownership of the subject property. Second, the plaintiff argues that for the doctrine of sovereign immunity to apply the state must be a real party in interest. The plaintiff argues that Murphy is a neutral stakeholder and is not the real party in interest for purposes of allocating liability or for recovery of damages. Moreover, Murphy himself is not subject to any liability.
This action is not one for garnishment. Garnishment presupposes that the garnishee owes either goods or money to a defendant, i.e., Stevenson, Connecticut Civil Procedure (2nd Ed. 1982) § 37, pp. 144-45. Garnishment as a prejudgment remedy enables a person to "deprive a defendant . . . or affect the use, possession or enjoyment by such defendant of his property prior to final judgment. . . ." Clancy v.Bristol, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 545162 (May 8, 1995, Allen, J.) (14 Conn. L. Rptr. CT Page 15506 247). Here, the plaintiff filed a complaint of interpleader. The plaintiff is not seeking to garnish the funds in Murphy's possession. Instead, she is claiming an entitlement to the funds. The doctrine of sovereign immunity does not apply in this case. "The doctrine of sovereign immunity does not apply where the state, although named as a defendant, is not an actual or interested adverse party." Clancy v.Bristol, supra, 14 Conn. L. Rptr. 248. The state is an interested party if a judgment would operate to control its activities or subject it to liability. R.A. Civittello Co. v. City of New Haven, 6 Conn. App. 212,220, 504 A.2d 542, citing, Somers v. Hill, 143 Conn. 476, 479-80,123 A.2d 468 (1956). Assuming that Murphy as the chief clerk of the court is the State for purposes of the doctrine of sovereign immunity, the doctrine is inapplicable here. As the plaintiff correctly argues, Murphy is not an interested party. Murphy, as the chief clerk of the court, is a depositary. He merely holds the funds for the court with no claim to or interest in them.
Nevertheless, the complaint for interpleader should be dismissed because the court lacks subject matter jurisdiction because Murphy is not a stakeholder for interpleader purposes. Moreover, the court lacks jurisdiction because a final judgment regarding the funds in Murphy's possession has not been rendered.
"[P]arties cannot confer subject matter jurisdiction on the court, either by waiver or by consent." Jolly, Inc. v. Zoning Board of Appeals,237 Conn. 184, 192, 676, A.2d 831 (1996). "The trial court . . . [can determine] sua sponte that its subject matter jurisdiction [is] in question. . . ." Glastonbury Volunteer Ambulance Assn., Inc. v. Freedomof Information Commission, 227 Conn. 848, 851, 633 A.2d 305 (1993); see also Daley v. Hartford, 215 Conn. 14, 28, 574 A.2d 194, cert. denied,498 U.S. 982, 111 S.Ct. 573, 112 L.Ed.2d 525 (1990). ("[T]he question of subject matter jurisdiction . . . can be raised by any of the parties, or by the court sun sponte, at any time.").
"[T]he normal interpleader action in Connecticut is an action in which the stakeholder deposits a fund into court calling upon the court to divide the money between the other claimants and asks that its expenses for being caught in the middle of the controversy be paid from the funds of the claimants." Levine v. Massey, Superior Court, judicial district of New Haven at New Haven, Docket No. 346481 (November 23, 1993, Booth,J.). rev'd on other grounds, 232 Conn. 272, 654 A.2d 737 (1995). "Generally speaking four conditions are necessary to entitle a stakeholder . . . to maintain a bill of interpleader: (1) the same thing, debt, or duty must be claimed by both or all of the parties against whom the relief is demanded; (2) all their adverse titles on claims must be dependent, or be deprived, from a common source; (3) the CT Page 15507 plaintiff must not have or claim any interest in the subject matter; [and] (4) the plaintiff must have incurred no independent liability to either of the claimants, but must stand indifferent between them merely as a stakeholder." (Brackets in original; internal quotation marks omitted.)Crozier v. Zaboori, 14 Conn. App. 457, 459-60 n. 2, 541 A.2d 531 (1988). "However, since [General Statutes] § 52-484 provides for an action in the nature of interpleader, it appears that the party initiating an interpleader can be not only the stakeholder, but also one of the claimants." Avco Corporation v. Peterson Engineering Co., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 535232 (November 16, 1994, Mulcahy, J.) (13 Conn. L. Rptr. 26, 28); see also Millman v. Paige, 55 Conn. App. 238, 240-41, 738 A.2d 737 (1999) (after reviewing the plain text of the interpleader statute, the court concluded that a party other than the stakeholder can initiate an interpleader).[5]
In this case, Murphy, the arguable stakeholder, has made no claim for interpleader. Rather the plaintiff, the interested claimant, initiated the claim. While the facts may technically come within the statute, it does not appear to be an appropriate use of interpleader. Here, the non-interested party the plaintiff is seeking to interplead as a "stakeholder" is the chief clerk of the Superior Court in Litchfield County because he is in possession of funds that the plaintiff alleges she is entitled to. Under the facts, however, Murphy is not a stakeholder for interpleader purposes. Instead, Murphy's relation with the funds is that of depositary. Murphy obtained the funds as a result of a judicial sale of property pursuant to a judgment, wherein the proceeds of the partition sale were paid to the court. Money paid into court is in the custody of the law, not the clerk. Shelton v. Wolthausen, 80 Conn. 599,603, 69 A. 1030 (1908). Because Murphy does not have custody of the funds as a stakeholder would, he cannot be subject to an interpleader action.
Moreover, an action of interpleader by the clerk against those claiming an interest in the money is "misconceived and irregular as being in disregard of the [clerk's] relation to the money in his hands [and] of the court's authority over it in the pending action." Id., 604. Since a clerk's initiation of an interpleader action is not an accepted practice, it follows that a claimant with an interest in such funds cannot initiate an interpleader action against a clerk because the action would similarly ignore the clerk's relation to the funds and the court's authority over them.
Furthermore, the court cannot entertain an action that will deem an appellate court decision moot. "A final valid decree determining the rights of the claimants ends the whole litigation." Travelers Ins. Co.v. Selinger, 31 Conn. Sup. 528, 531, 324 A.2d 925 (1974). A determination CT Page 15508 by the Appellate Court makes a judgment a "conclusive determination of the rights of the parties and it is in full force and effect." Id., 530. A clerk "as the officer and depositary of the court, [cannot] recognize [any] other authority than that which placed the money in his hands pending adjudication and judgment of distribution." Id., 531. Here, the decision regarding the distribution of the funds in the partition action was appealed by the plaintiff and M. Segal. Currently a resolution to the decision is pending in the Connecticut Appellate Court.
Murphy's motion to dismiss is granted.
Cremins, J.